# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

  v.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 17-298(3) ADM/KMM
Civil No. 18-3224 ADM

Casey Jemar Davis,

        Defendant.

___

Benjamin Bejar, Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Casey Jemar Davis, pro se.

___

## I. INTRODUCTION

By Order ("Order") dated April 15, 2019 [Docket No. 407] the the undersigned United States District Judge denied Defendant Casey Jemar Davis' ("Davis") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Docket No. 397] (the "2255 Motion"). On May 13, 2019, Davis filed a Motion to Alter or Amend Judgment [Docket No. 409] pursuant to Rule 59(e) of the Federal Rules of Civil Procedure ("Rule 59(e) Motion"). The factual and procedural background of this matter is set forth in the Court's previous Order and will not be repeated here. See Order at 1-4. For the reasons set forth below, Davis' Rule 59 (e) Motion is denied.

## II. DISCUSSION

### A. Rule 59(e)

"Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." United States v. Metro St. Louis Sewer Dist., 440

F.3d 930, 933 (8th Cir. 2006) (quotation marks omitted). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." Id. (quoting Innovative Home Health Care v. P.T.-O.T. Assoc. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998)). Courts have "broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e)." Id. Parties are granted relief under Rule 59(e) only in "extraordinary" circumstances. United States v. Young, 806 F.2d 805, 806 (8th Cir. 1987). It is also "well-established that inmates may not bypass the authorization requirement of . . . § 2255 action by purporting to invoke some other procedure." United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir. 2005).

**B. Davis' Arguments**

Davis' primary contention is that the Government cannot prosecute, and this Court lacks jurisdiction over, a federal offense "committed within the territorial boundaries" of a State. After reviewing Davis' brief, the Court concludes that no manifest errors of fact or law appeared in its Order. The issues raised in Davis' Rule 59(e) Motion are the same arguments raised in his 2255 Motion. Davis seeks to merely revisit the Court's previous Order and his arguments have already been considered and rejected. In addition, since Davis has not received permission from the Eighth Circuit Court of Appeals to file a successive § 2255 petition, the Motion is procedurally barred.

## III. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Casey Jemar Davis' Motion to Alter or Amend Judgment [Docket No. 409] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: June 26, 2019.