## UNITED STATES DISTRICT COURT
### DISTRICT OF MINNESOTA

United States of America,

      Plaintiff,

      v.

Casey Jemar Davis,

      Defendant.

**MEMORANDUM OPINION
AND ORDER**
Criminal No. 17-298(3) ADM/KMM

_____

Casey Jemar Davis, pro se.

_____

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Casey Jemar Davis' ("Davis") pro se Motion Requesting Judicial Recommendation [Docket No. 435].  For the reasons set forth below, the Motion is denied.

## II.  DISCUSSION

On February 27, 2018, Davis entered a plea of guilty to conspiring with other felons to possess firearms.  Plea Agreement [Docket No. 190].  On June 27, 2018, Davis was sentenced to a prison term of 50 months.  Sentencing J. [Docket No. 331] at 2.  Davis is currently incarcerated at the Federal Correctional Institute in Sandstone, Minnesota.  His projected release date is January 6, 2022.  See Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (last accessed Nov. 30, 2020).

Davis now seeks a judicial recommendation from this Court to the Bureau of Prisons ("BOP") to place him in a residential reentry center ("RRC") for the maximum possible duration prior to the end of his sentence.

The authority to determine the placement of prisoners rests solely with the BOP.  See 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's

imprisonment . . . .").  The BOP is directed by statute "to transfer prisoners to a residential

reentry center ("RRC") as they approach the end of their sentences, in an effort to better prepare

the inmates for reentry in the community."  United States v. Holcomb, No. CR 01-00218,

2018 WL 1896542, at *1 (D. N.M. Apr. 18, 2018) (citing 18 U.S.C. § 3624(c)).  The Second

Chance Act of 2007 increased a federal prisoner's eligibility for prerelease placement in an RRC

from 6 months to 12 months.  United States v. Crawford, No. 8:11CR353, 2020 WL 1074831, at

*1 (D. Neb. Mar. 4, 2020) (citing 18 U.S.C. § 3624(c)(1)).  In exercising its authority to

determine an individual prisoner's RRC placement, one factor considered by the BOP is "any

statement by the court that imposed the sentence . . . recommending a type of penal or

correctional facility as appropriate."  18 U.S.C. § 3621(b)(4)(B).  However, a judicial

recommendation has "no binding effect on the authority of the [BOP] . . . to determine or change

the place of imprisonment of that person."  18 U.S.C. § 3621(b).

Here, the Court declines to give a recommendation as over two years has elapsed since

Davis was sentenced.  The BOP is now in the better position to determine whether and for how

long Davis should be placed in an RRC.

### III.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that Defendant  Casey Jemar Davis' pro se Motion Requesting Judicial

Recommendation [Docket No. 435] is **DENIED**.

BY THE COURT:


_____s/Ann D. Montgomery_____
ANN D. MONTGOMERY
U.S. DISTRICT COURT

Dated:  November 30, 2020